PER CURIAM.
We have for consideration the regular-cycle report of proposed amendments to the Florida Probate Rules (Rules), filed by the Florida Probate Rules Committee (Committee). See Fla. R. Jud. Admin 2.140(b). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Committee proposes amendments to rules: 5.040 (Notice); 5.041 (Service of Pleadings and Documents); 5.042 (Time); 5.080 (Discovery and Subpoena); 5.845 (Accountings Other Than Personal Representatives’ Final Accountings); 5.346 (Fiduciary Accounting); 5.550 (Petition to Determine Incapacity); 5.560 (Petition for Appointment of Guardian of an Incapacitated Person); 5.620 (Inventory); 5.690 (Initial Guardianship Report); and 5.696 (Annual Accounting). The Board of Governors of The Florida Bar unanimously approved these proposals.
The Committee published its proposed amendments in The Florida Bar News before submitting them to the Court. It received one comment but ultimately concluded that no additional amendments were necessary. After the Committee’s report was filed, the Court published the amendments for comment. We received one comment from Mr. Franklin Burr. The Committee filed a response to the comment, recommending no changes to its rules proposals.
We have fully considered the Committee’s proposed amendments, the comment, and the Committee’s response. As discussed in this opinion, we adopt the amendments as proposed, with two exceptions: we have revised the Committee’s proposals to amend rules 5.550 (Petition to Determine Incapacity) and 5.560 (Petition for Appointment of Guardian of an Incapacitated Person). We discuss the more significant amendments to the Probate Rules below.
AMENDMENTS
We first amend rule 5.040 (Notice), as proposed by the Committee, to add a new subdivision (e) (In the Manner Provided for Service of Formal Notice). This subdivision provides that if a document is served in the manner provided for service of formal notice, service will be deemed complete when the document is received and proof of service shall be made in the manner set forth in rule 5.040(a)(4).
We next amend rule 5.042(d) (Time; Additional Time after Service by Mail or Email), as proposed by the Committee, to clarify that Rule of Judicial Administration *836 2.514(b) (Computing and Extending Time; Additional Time after Service by Mail or E-Mail) shall apply to thé computation of time after service in proceédings under these Probate Rules, except for those documents served by formal notice or in the manner provided for service of formal notice.
Rule 5.080, now titled “Discovery, Subpoena, and Taking Testimony,” is amended in subdivision (a) (Adoption of Civil Rules) to authorize applying Rule of Civil Procedure 1,451 (Taking Testimony).in all probate and guardianship proceedings.
. Rule. 5.346 (Fiduciary Accounting) is amended, as recommended by the Committee, to clarify that the rule does not apply to guardian accountings. Guardian accountings are addressed separately in rule 5.696 (now titled “Guardian Accounting”).
We amend rules 6.550(a) (Petition to Determine Incapacity; Contents) and 5.560(a) (Petition for Appointment of Guardian of an Incapacitated Person; Contents) to require that a petition to determine incapacity or a petition seeking appointment of a guardian for an incapacitated person must state whether there are possible alternatives to guardianship known to the petitioner. In his comment, Mr. Franklin Burr argues in part that these rules should require the petitioning party to identify any known surrogates, in addition to trust agreements, powers of attorney, or advance directives. We agree, and we have revised the Committee’s proposal to include a surrogate in the list of possible alternatives to guardianship.
Finally, we amend rule 5.696, now titled “Guardian Accounting,” addressing the requirements for guardian accountings required under chapter 744, Florida Statutes (other than simplified accountings permitted in section 744,3679). As amended, subdivision (b) (Contents) now provides that a guardian accounting must include the following items: (1) a statement of the starting balance for all assets on hand at the beginning of the accounting period (or, if none, the value of assets on the inventory); (2) a full account of all receipts and disbursements of the ward’s property over which the guardian has control since the last accounting (or from the issuance of the letters of guardianship); (3) a schedule of the assets at the end of the accounting period; and (4) in the case of an annual accounting, a copy of the annual or year-end statement for all of the ward’s cash accounts. Subdivision (c) (Accounting Standards) of rule 5.696 outlines the standards that should be used in guardian accountings for transactions occurring on or after January 1, 2017. Subdivision (c)(1) provides that accountings shall be stated in a manner that is understandable to persons unfamiliar with practices and terminology that are unique to the administration of guardianships. Subdivision (c)(2) requires that the accounting begin with a concise summary of its purpose and content. Subdivision (c)(3) states that the accounting must contain sufficient information disclosing all significant transactions during the accounting period. Subdivision (c)(4) provides that the accounting shall contain two values in the schedule of assets: the asset acquisition value or carrying value, and the estimated current value. And subdivision (c)(5) states that gains and losses must be shown separately in the same schedule. Also in rule 5.696, we add new subdivision (d) (Accounting Format), which indicates that a model format for a guardian accounting is included in Appendix A; new subdivision (e) (Verification), requiring that all accountings shall be verified by the guardian; and a new committee note. In addition to the rule, we adopt Appendix A, which is accompanied by a *837 summary form and Schedule A (Receipts), Schedule B (Disbursements), Schedule C (Capital Transactions and Adjustments), and Schedule D (Assets on Hand at Close of Accounting Period), and Appendix B outlining “Guardian Accounting Principles.”
CONCLUSION
Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2017, at 12:01 a.m.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and , PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion.