# Supreme Court of Florida

_____

No. SC16-1454

_____

**IN RE:  AMENDMENTS TO THE FLORIDA PROBATE RULES.**

[September 15, 2016]

PER CURIAM.

In response to recent legislation, The Florida Bar's Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report proposing amendments to the Florida Probate Rules.[1]  See Fla. R. Jud. Admin. 2.140(e).  After considering the proposals and reviewing the relevant legislation, we adopt the amendments as proposed by the Committee.

Rules 5.050 (Transfer of Proceedings); 5.560 (Petition for Appointment of Guardian of an Incapacitated Person); 5.646 (Standby Guardians); 5.648 (Emergency Temporary Guardian); and 5.670 (Termination of Guardianship on Change of Domicile of Resident Ward) are amended to reflect the renumbering of specific statutes, as adopted by the legislature in chapter 2016-40, sections 5, 6, 7,

---

1.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

9, 13, and 14, Laws of Florida. Additionally, rule 5.710 (Reports of Public Guardian) is amended in subdivisions (c), (d), and (e) to reflect the renaming of the Statewide Public Guardianship Office as the Office of Public and Professional Guardians. See ch. 2016-40, § 8, Laws of Fla. (amending section 744.2001, Florida Statutes, formerly numbered section 744.7021, Florida Statutes).

Accordingly, the Florida Probate Rules are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type.[2] The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]

---

2. Amendments to rule 5.560, adopted by the Court in In Re: Amendments to the Florida Probate Rules, No. SC16-168 (Fla. Sept. 1, 2016), effective January 1, 2017, at 12:01 a.m., are shown in the appendix in double underlined type.

3. All comments must be filed with the Court on or before November 14, 2016, with a certificate of service verifying that a copy has been served on the Committee Co-Chairs, Mr. Michael Travis Hayes, 3033 Riviera Drive, Suite 104, Naples, Florida 34103-2746, thayes@lile-hayes.com, and Jon Scuderi, 745 12th Avenue, Suite 101, Naples, Florida 34102-7376, jscuderi@gfsestatelaw.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument which may be scheduled in this case. The Committee Co-Chairs have

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Probate Rules Committee

Michael Travis Hayes, Co-Chair, Florida Probate Rules Committee, Lile & Hayes, PLLC, Naples, Florida; Jon Scuderi, Co-Chair, Florida Probate Rules Committee, Goldman Felcoski & Stone, P.A., Naples, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

---

until December 5, 2016, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 5.050.        TRANSFER OF PROCEEDINGS**

[No Change]

**Committee Notes**

Subdivision (b) of this rule represents a rule implementation of the procedure found in section ~~744.202(3)~~744.1097(3), Florida Statutes.

**Rule History**

1975 – 2008 Revisions:  [No Change]

2016 Revision: Committee notes revised to reflect renumbering of section 744.202(3) to section 744.1097(3), Florida Statutes.  Updated statutory references.

**Statutory References**

ch. 47, Fla. Stat.  Venue.

§ 393.12, Fla. Stat.  Capacity; appointment of guardian advocate.

§ 733.101, Fla. Stat.  Venue of probate proceedings.

§ 744.106, Fla. Stat.  Notice.

§ ~~744.201~~744.1096, Fla. Stat.  Domicile of ward.

§ ~~744.202~~744.1097, Fla. Stat.  Venue.

§ ~~744.2025~~744.1098, Fla. Stat.  Change of ward's residence.

§ 744.306, Fla. Stat.  Foreign guardians.

§ 744.3085, Fla. Stat.  Guardian advocates.

§ 744.3201, Fla. Stat.  Petition to determine incapacity.

**Rule References**

[No Change]

**RULE 5.560.     PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON**

**(a)     Contents.**  The petition shall be verified by the petitioner and shall state:

(1) – (9)     [No Change]

(10)   if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the registration requirements of section 744.1083744.2002, Florida Statutes.

**(b) – (c)     [No Change]**

**Committee Notes**

**Rule History**

1975 – 2014 Revisions:  [No Change]

2016 Revision: Subdivision (a)(9) revised to require the disclosure of whether there are possible alternatives to guardianship known to the petitioner. Committee notes revised.

2016 Revision: Subdivision (a)(10) amended to reflect the renumbering of the statute from section 744.1083 to section 744.2002, Florida Statutes. Committee notes revised to update statutory references.

**Statutory References**

§ 744.1083744.2002, Fla. Stat.  Professional guardian registration.

§ 744.309, Fla. Stat.  Who may be appointed guardian of a resident ward.

§ 744.3115, Fla. Stat.  Advance directives for health care.

§ 744.312, Fla. Stat.  Considerations in appointment of guardian.

§ 744.3201, Fla. Stat.  Petition to determine incapacity.

§ 744.331, Fla. Stat.  Procedures to determine incapacity.

§ 744.334, Fla. Stat.  Petition for appointment of guardian or professional guardian; contents.

§ 744.3371(1), Fla. Stat.  Notice of petition for appointment of guardian and hearing.

§ 744.341, Fla. Stat.  Voluntary guardianship.

§ ~~744.344~~744.2005, Fla. Stat.  Order of appointment.

§ 744.462, Fla. Stat.  Determination regarding alternatives to guardianship.

§ ~~744.703~~744.2006, Fla. Stat.  Office of public guardian; appointment, notification.

§ 765.102, Fla. Stat.  Legislative intent and findings.

**Rule References**

[No Change]


**RULE 5.646.        STANDBY GUARDIANS**

**(a) – (b)        [No Change]**

**(c)        Petition for Confirmation.**

**(1)        Contents.**  A standby guardian, not later than 20 days after the assumption of duties as guardian, shall petition for confirmation of appointment. The petition shall be verified by the petitioner and shall state:

(A) – (G)        [No Change]

(H)        if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the educational requirements of section ~~744.1083~~744.2002, Florida Statutes.

**(2)        [No Change]**

**Committee Notes**

The standby guardian must file an oath pursuant to rule 5.600 before commencing the exercise of authority as guardian.  Prior to appointment, the standby guardian must file an application pursuant to rule 5.590.

Section 393.12(10), Florida Statutes, provides that a guardian advocate shall have all of the duties, responsibilities, and powers of a guardian under Chapter 744, Florida Statutes. However, section 744.304 authorizes the appointment of a standby guardian only for a minor or incapacitated person.

**Rule History**

2006 – 2014 Revisions:   [No Change]

2016 Revision: Subdivision (c)(1)(H) amended to reflect the renumbering of section 744.1083 to section 744.2002, Florida Statutes.  Committee notes revised.

**Statutory Reference**

[No Change]

**Rule References**

[No Change]

## RULE 5.648.          EMERGENCY TEMPORARY GUARDIAN

[No Change]

### Committee Notes

**Rule History**

2007 – 2015 Revisions:  [No Change]

2016 Revision: Committee notes revised to reflect renumbering of section 744.344(4) to section 744.2005, Florida Statutes.  Updated statutory references.

**Statutory References**

§ 744.3031, Fla. Stat.  Emergency temporary guardianship.

§ ~~744.344(4)~~744.2005, Fla. Stat.  Order of appointment.

**Rule References**

[No Change]

## RULE 5.670.  TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD

[No Change]

### Committee Notes

**Rule History**

1977 – 2012 Revisions:   [No Change]

2016 Revision: Updated statutory references.  Committee notes revised.

**Statutory References**

§ 393.12, Fla. Stat.  Capacity; appointment of guardian advocate.

§ 744.102(8), (9), Fla. Stat.  Definitions.

§ ~~744.201~~744.1096, Fla. Stat.  Domicile of ward.

§ ~~744.202~~744.1097, Fla. Stat.  Venue.

§ ~~744.2025~~744.1098, Fla. Stat.  Change of ward's residence.

§ 744.524, Fla. Stat.  Termination of guardianship on change of domicile of resident ward.

§ 744.531, Fla. Stat.  Order of discharge.

**Rule References**

[No Change]


## RULE 5.710.  REPORTS OF PUBLIC GUARDIAN

The public guardian, as the guardian of a ward, shall file:

(a) – (b)      [No Change]

(c)     a report within 6 months of his or her appointment as guardian of a ward, which shall also be filed with the executive director of the ~~Statewide Public Guardianship~~ Office of Public and Professional Guardians, stating:

(1) – (2)     [No Change]

(d)     an annual report, filed with the ~~Statewide Public Guardianship~~ Office of Public and Professional Guardians, by September 1 for the preceding fiscal year, on the operations of the office of public guardian; and

(e)     a report of an independent audit by a qualified certified public accountant, to be filed with the ~~Statewide Public Guardianship~~ Office of Public and Professional Guardians every 2 years.

## Committee Notes

### Rule History

1987 – 2010 Revisions:   [No Change]

2016 Revision: Subdivisions (c), (d), and (e) amended to reflect the name change of the agency to the Office of Public and Professional Guardians. Committee notes revised to reflect the repeal of Part IX of Chapter 744, Florida Statutes.

### Statutory Reference

§§ ~~744.701–744.709~~744.2001–744.2109, Fla. Stat. Public Guardianship Act.

### Rule Reference

[No Change]